IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CT-3071-D

| | |
|---|---|
| JOHNNY CALVIN OLLIS,<br>Plaintiff, | ) |
| v. | ) |
| TIFFINEY HARPER, *et al.*,<br>Defendants. | ) |

**PRETRIAL ORDER**

Date of Conference: February 14, 2017

Appearances: Michele Luecking-Sunman, Raleigh, North Carolina for plaintiff;
Elizabeth G. Simpson, Raleigh, North Carolina for plaintiff;
Kenneth L. Jones, Greensboro, North Carolina for defendant.

I. STIPULATIONS.

A. All parties are properly before the court;

B. The court has jurisdiction of the parties and of the subject matter;

C. All parties have been correctly designated;

D. There is no question as to misjoinder or nonjoinder of parties;

E. Facts

1. Plaintiff Johnny Ollis was admitted to the North Carolina Department of Public Safety, Division of Adult Correction in 2003 and is serving a life sentence.

2. At all times relevant to this action, Plaintiff Johnny Ollis was incarcerated at Eastern Correctional Institution.

3. Defendant Tiffiney Harper is a licensed dentist, who at all times relevant to this action, was employed by the North Carolina Department of Public Safety at Eastern Correctional Institution.

4. At all times relevant to this action, Defendant Harper was acting under color of state law.

5. Defendant Harper provided dental care to Plaintiff Ollis between October 26, 2010 and July 6, 2011 at Eastern Correctional Institution.

6. Defendant Harper provided dental care to Plaintiff Ollis between June 6, 2012 and August 29, 2012 at Eastern Correctional Institution.

7. Plaintiff Ollis received a letter from Assistant Dental Director Dr. Woodruff in November 2012 acknowledging receipt of a letter Plaintiff Ollis sent her and stating that Dental Director Dr. Clare would respond to his concerns. Plaintiff also received a letter from Dr. Clare in November 2012 advising Plaintiff that arrangements had been made for his dental care to be provided at the Central Prison dental clinic.

8. On November 14, 2012, Plaintiff was seen at the Central Prison Dental Clinic by Dr. Harris and a panorex x-ray was taken.

9. Dr. Harris noted that Plaintiff's remaining teeth were non-restorable. He extracted all of Plaintiff's remaining teeth on November 14, 2012.

10. From January 2013 to June 2013, Plaintiff was fitted for full dentures, and by June 2013, he possessed a full set of dentures.

F. Legal Issues

1. Whether Plaintiff Ollis had a serious medical need and, if so, whether Defendant Harper was deliberately indifferent to such serious medical need in violation of the Eighth Amendment to the U.S. Constitution

G. Factual Issues

1. Whether Defendant Harper inflicted cruel and unusual punishment on Plaintiff Ollis during the August 29, 2012, dental visit when she extracted teeth nos. 19 and 20.

2. Whether Plaintiff Ollis had a serious medical need following the July 31, 2012, dental visit and, if so, whether Defendant Harper was deliberately indifferent to such serious medical need when she declined to extract all of Plaintiff Ollis's teeth in only one or two visits.

II. CONTENTIONS

A. Plaintiff

1. Facts:

a. At some point following Plaintiff's admission to prison in 2003, his teeth began seriously to decay.

b. Between 2007 and 2012, Plaintiff received intermittent dental care, and had several teeth pulled.

c. By 2010, his teeth were seriously decayed, chipped, and broken, and several were worn to his gum line.

d. Plaintiff was in excruciating pain, which caused disruptions to his normal daily activities and his sleep, and affected his ability to eat and to drink. The state of his teeth put his overall health at risk.

e. Between October 26, 2010, – August 29, 2012, Plaintiff was treated by Dr. Harper. Although Plaintiff wanted all of his teeth removed so that he could get full dentures, he was forced to accept Dr. Harper's alternative plans which had the effect of prolonging his pain and suffering.

f. During this period, the relationship between Plaintiff and Dr. Harper grew contentious because of their disagreement over the course of treatment. However, Plaintiff was forced to continue returning to Dr. Harper because she was the only dentist at Eastern Correctional Institution.

g. On July 31, 2012, Assistant Dental Director Dr. Donna Woodruff came to an appointment with Plaintiff and Dr. Harper. Dr. Woodruff stated that all of Plaintiff's teeth needed to be extracted as soon as possible to relieve pain and suffering and to mitigate the risk of health complications.

h. Dr. Harper had no intention of taking all of Plaintiff's teeth out as soon as possible and planned to take them out two at a time over no set time frame so as to prolong Plaintiff's agony.

i. Plaintiff knew another inmate who had had more than two teeth taken out at one time by Dr. Harper.

j. On August 29, 2012, Dr. Harper extracted two teeth without profound anesthesia. Plaintiff experienced excruciating pain and thrashed around on the dental chair. He told Dr. Harper that he was not numb, but she continued with the extractions.

k. From September 2012 – November 2012, Plaintiff wrote letters to Dr. Woodruff, as well as other prison officials, asking for help getting his remaining teeth extracted so that he could be fitted for full dentures. Meanwhile, he refused

treatment from Dr. Harper because he was afraid of her due to the pain she had inflicted on him.

l. In early November 2012, Plaintiff received letters from Dental Director Dr. Clare and Assistant Dental Director Dr. Woodruff advising Plaintiff that he would be transported to Central Prison Dental Clinic to complete his dental treatment plan.

m. On November 12, 2012, Plaintiff arrived at the Central Prison Dental Clinic and received full x-rays. Dr. Harris, in agreement with Dr. Woodruff, noted that all of Plaintiff's remaining teeth were non-restorable due to cavities. Dr. Harris administered anesthesia and all of Plaintiff's remaining teeth were extracted at one time. Plaintiff felt no discomfort or pain, and was extremely cooperative during the visit.

n. In January 2013, Plaintiff began the fitting process for full dentures, and by June 2013, he possessed a full set of dentures.

2. Factual Issues:

a. Whether Defendant Harper inflicted cruel and unusual punishment on Plaintiff Ollis during the August 29, 2012, dental visit when she extracted teeth nos. 19 and 20.

b. Whether Plaintiff Ollis had a serious medical need following the July 31, 2012, dental visit and, if so, whether Defendant Harper was deliberately indifferent to such serious medical need when she declined to extract all of Plaintiff Ollis's teeth in only one or two visits.

B. Defendant

1. Facts

a. Dr. Harper provided plaintiff with dental care and treatment at Eastern Correctional Institution between October 26, 2010 and July 6, 2011.

b. Dr. Harper promptly saw plaintiff between October 2010 and August 2011 each time the plaintiff submitted a dental sick call request.

c. Plaintiff was seen by Dr. Harper in the dental clinic on August 31, 2011, but refused to allow Dr. Harper to provide dental treatment on that date.

d. Dr. Harper's dental care and treatment between October 2010 and August 2011 consisted of, among other things, examinations, the taking of x-rays,

creation of treatment plans, counseling the plaintiff, restorative dentistry and extractions.

e. The dental care and recommendations that Dr. Harper provided to the plaintiff between October 2010 and August 2011 were appropriate and Dr. Harper was not indifferent, deliberately or otherwise, to a serious dental/medical need.

f. Plaintiff's demand during that period of time that Dr. Harper extract all of his upper teeth was not justified. In the exercise of her clinical judgment, Dr. Harper determined that there was no clinical justification to extract all of plaintiff's upper teet has he was demanding.

g. Plaintiff did not submit any sick call requests to be seen in the dental clinic after August 31, 2011 until May 28, 2012.

h. Dr. Harper next provided plaintiff with dental care and treatment at Eastern Correctional Institution between June 6, 2012 and August 29, 2012.

i. Dr. Harper promptly saw plaintiff between June 2012 and October 2012 each time the plaintiff submitted a dental sick call request.

j. Plaintiff was seen by Dr. Harper in the dental clinic on September 19, 2012 and October 15, 2012, but refused to allow Dr. Harper to provide dental treatment on that date.

k. Dr. Harper's dental care and treatment between June 2012 and October 2012 consisted of, among other things, examinations, the taking of x-rays, creation of treatment plans, counseling the plaintiff, consulting with other dental providers, and extractions.

l. On July 31, 2012, after examining the plaintiff and reviewing x-rays, Dr. Harper, with input from Dr. Woodruff, treatment planned the extraction of plaintiff's remaining 15 teeth.

m. Neither Dr. Woodruff nor any other dentist recommended or instructed Dr. Harper to extract the remaining 15 teeth in only one or two visits.

n. Dr. Harper made the decision to extract 2-3 teeth at each subsequent dental visit. Dr. Harper's decision to proceed in that manner was an appropriate exercise of her clinical judgment and did not amount to indifference to plaintiff's dental needs.

o. Plaintiff returned to the dental clinic on August 29, 2012, at which time Dr. Harper, with plaintiff's consent, extracted teeth nos. 19 and 20 per her treatment plan to extract all of plaintiff's remaining teeth over a series of dental visits. Although Dr. Harper initially had difficulty achieving profound anesthesia,

she was able to achieve profound anesthesia with additional injections of local anesthetic and was able to extract the teeth as comfortably and atraumatically as possible. Dr. Harper did not inflict cruel and unusual punishment on plaintiff during this clinic visit, or at any other time.

p. Immediately following the August 29, 2012, extraction appointment, plaintiff submitted a sick call request "for more teeth to be extracted per treatment plan."

q. Dr. Harper subsequently saw the plaintiff in the dental clinic on September 19, 2012 and October 15, 2012 to continue with her treatment plan to extract plaintiff's teeth, but plaintiff refused to allow Dr. Harper to extract any teeth at those two visits.

r. The dental care and recommendations that Dr. Harper provided to the plaintiff between June 2012 and October 2012 were appropriate and Dr. Harper was not indifferent, deliberately or otherwise, to a serious dental/medical need.

s. Dr. Harper's decision to extract plaintiff's remaining teeth 2-3 at a time was an appropriate exercise of her clinical judgment and did not constitute indifference to plaintiff's dental needs.

t. Plaintiff sustained no injuries as a result of Dr. Harper's dental treatments and recommendations.

u. Plaintiff is serving a life sentence for first degree murder.

2. Factual Issues

a. Whether Defendant Harper inflicted cruel and unusual punishment on Plaintiff Ollis during the August 29, 2012, dental visit when she extracted teeth nos. 19 and 20.

b. Whether Plaintiff Ollis had a serious medical need between October 2010 and August 2011 and, if so, whether Dr. Harper was deliberately indifferent to such need when she declined to extract all plaintiff's upper teeth during that period of time.

c. Whether Plaintiff Ollis had a serious medical need following the July 31, 2012, dental visit and, if so, whether Defendant Harper was deliberately indifferent to such serious medical need when she declined to extract all of Plaintiff Ollis's teeth in only one or two visits.

d. Whether Defendant Harper is entitled to qualified immunity, i.e., whether a reasonable prison dentist could have believed that Defendant Harper's conduct

was lawful in light of clearly established law and the information Defendant Harper possessed at the tine.

III. EXHIBITS

A. Plaintiff

| Number & Title | Objection |
|---|---|
| 1. Photograph of Johnny Ollis's mouth, dated 11/9/12 | |
| 2. Johnny Ollis sick call requests for dental care | |
| 3. Dr. Harper's medical records | |
| 4. Letter from Ollis to Woodruff, dated 9/24/12 | Hearsay and Evid Rule 701 |
| 5. Ollis grievance, dated 10/3/12 | |
| 6. Letter from Woodruff to Ollis, dated 11/8/12 | |
| 7. Letter from Clare to Ollis, dated 11/7/12 | |
| 8. Dr. Harris's medical records | |

B. Defendant

| Number & Title | Objection |
|---|---|
| 1. Plaintiff's dental records | |
| 2. Plaintiff's dental xrays | |
| 3. Plaintiffs' dental sick call requests | |
| 4. Records of disciplinary charges, including guilty plea | Evid. R. 403, 404, 608, 802 |
| 5. Plaintiff's September 2011 Complaint to Dental Board | Evid. R. 701, 702, 802, US v. Perkins |
| 6. Dr. Harper's Response to September 2011 Complaint to Dental Board | Evid. R. 701, 702, 802, US v. Perkins |
| 7. February 9, 2012 Dental Board closure letter | Evid. R. 701, 702, 802 US. v. Perkins |
| 8. Plaintiff's October 2012 Complaint to Dental Board | Evid. R. 701, 702, 802 US. v. Perkins |
| 9. Dr. Harper's Response to October 2012 Complaint to Dental Board | Evid. R. 701, 702, 802, US v. Perkins |
| 10. May 9, 2013 Dental Board closure letter | Evid. R. 701, 702, 802, US v. Perkins |
| 11. List of plaintiff's infractions 2004-present | Evid. R. 403, 404, 608 |

IV. DESIGNATION OF PLEADINGS AND DISCOVERY MATERIALS

A. Plaintiff

1. none

B. Defendant

1. None.

V. WITNESSES

A. Plaintiff

| Name | Address | Proposed Testimony | Objection |
|---|---|---|---|
| Johnny Ollis | Pamlico Correctional Institution<br>601 Northwest 3rd Street<br>Bayboro, NC | Requests for dental treatment, course of dental treatment, pain and suffering | |
| Dr. Donna Woodruff | Department of Public Safety<br>1300 Western Blvd<br>Raleigh, NC | Plaintiff's dental treatment, circumstances of Ollis's transfer of treatment to Central Prison | |
| Dr. Max Harris | Department of Public Safety<br>1300 Western Blvd<br>Raleigh, NC | Plaintiff's dental treatment at Central Prison | |
| Darlene Upchurch | Department of Public Safety<br>1300 Western Blvd<br>Raleigh, NC | Medical records custodian | |
| Rebecca Lanier | Address Unknown<br>Kinston, NC | Plaintiff's dental treatment at Eastern Correctional Institution | |
| Jeff Freeman | Avery Mitchell Correctional Institution<br>600 Amity Park Rd<br>Spruce Pine, NC | Plaintiff's pain and suffering | |
| Lewis Slover | Tabor Correctional Institution<br>4600 Swamp Fox Hwy W<br>Tabor City, NC | Dental care at Eastern Correctional Institution | |
| Timothy Manning | Alexander Correctional Institution<br>633 State Road 1608<br>Taylorsville, NC | Picture of Ollis's mouth | |
| Potential Rebuttal Expert | | Rebuttal of testimony of Dr. Larry Ray by retained expert | |

B. Defendant

| Name | Address | Proposed Testimony | Objection |
|---|---|---|---|
| Dr. Tiffiney Harper | c/o Carruthers & Roth, PA<br>235 N. Edgeworth St.<br>Greensboro, NC 27401 | Plaintiff's dental treatment | |
| Dr. James Clare | c/o DPS<br>831 W. Morgan St.<br>Raleigh, NC 27699 | Plaintiff's dental treatment and circumstances surrounding transfer to Central Prison; number of teeth extracted by Dr. Harper per extraction appointment while employed by DPS. | |
| Dr. Donna Woodruff | c/o DPS<br>831 W. Morgan St.<br>Raleigh, NC 27699 | Plaintiff's dental treatment and circumstances surrounding transfer to Central Prison; number of teeth extracted by Dr. Harper per extraction appointment while employed by DPS. | |
| Dr. Max Harris | c/o DPS<br>831 W. Morgan St.<br>Raleigh, NC 27699 | Plaintiff's dental treatment | |
| Dr. Arthur Knight | c/o DPS<br>831 W. Morgan St.<br>Raleigh, NC 27699 | Plaintiff's dental treatment | |
| Ms. Rebecca Lanier | Current address unknown | Plaintiff's dental treatment | |
| Dr. Larry Ray | 2700 Durham Rd.<br>Wake Forest, NC 27587 | Retained expert; plaintiff's dental treatment; lack of indifference to serious medical need. | Plaintiff objects to the testimony of Dr. Ray and has filed a motion in *limine* seeking to exclude his testimony |
| Roland Worrell | c/o DPS<br>1300 Western Blvd<br>Raleigh, NC 27606 | Plaintiff's and Dr. Harper's behavior during dental visit; disciplinary action taken against plaintiff. | |

TRIAL TIME ESTIMATE: 2 days

Respectfully submitted this the 2nd day of February, 2017.

/s/ Michele Luecking-Sunman
Michele Luecking-Sunman
N.C. State Bar No. 31655
Elizabeth G. Simpson
N.C. State Bar No. 41596
N.C. Prisoner Legal Services, Inc.
Post Office Box 25397
Raleigh, NC 27611
Phone: (919) 856-2200
Fax: (919) 856-2223
mlueckingsunman@ncpls.org
esimpson@ncpls.org
Attorneys for Plaintiff

/s/ Kenneth L. Jones
Kenneth L. Jones, Esq.
N.C. State Bar No. 13002
Carruthers & Roth, P.A.
P.O. Box 540
Greensboro, NC 27402
336-478-1128 (ph)
336-478-1129 (f)
klj@crlaw.com
Attorney for Defendant

APPROVED BY:

James C. Dever
______________________

The 14 day of February 2017.