IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3071-D

| | | |
|---|---|---|
| JOHNNY CALVIN OLLIS,<br><br>Plaintiff,<br><br>v.<br><br>TIFFINEY HARPER, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **JURY INSTRUCTIONS** |

Province of Court and Jury

Now that you have heard all of the evidence to be received in this trial and each of the arguments of counsel, it becomes my duty to give you the final instructions of the court as to the law that applies to this case. All of the instructions of law given to you by the court—those given to you at the beginning of trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the court and to apply these rules of law to the facts as you find them from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments. If, however, any difference appears to you between the law as stated by counsel and the law as stated by the court in these instructions, you, of course, are to be governed by these instructions. You are not to single out any one instruction alone as stating the law, but must consider all of the instructions as a whole in reaching your decision.

Neither are you to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would violate your sworn

duty to base any part of your verdict on any view or opinion of the law other than that given in the instructions of the court, just as it would violate your sworn duty as the judges of the facts to base your verdict on anything other than the evidence received in the case.

You were chosen as jurors in this trial to evaluate all of the evidence received and to decide each of the factual questions presented. In resolving the questions presented, you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case, or by any public opinion.

Justice—through trial by jury—depends on the willingness of each individual juror to seek the truth from the same evidence presented to all of the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as are now being given to each of you in the instructions of the court.

Evidence Received in the Case, Stipulations, and Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and all the facts which may have been agreed to or stipulated. When the attorneys on both sides stipulate or agree as to the existence of a fact, I instruct you that the stipulation is to be received by you as evidence, without further proof, and that the facts stated in the stipulation are true and correct. Thus, you may accept the stipulation as evidence, and regard the stipulated facts as proved.

I instruct you that the parties have stipulated to the following facts:

1. Plaintiff Johnny Ollis was admitted to the North Carolina Department of Public Safety, Division of Adult Correction in 2003 and is serving a life sentence.

2. At all times relevant to this action, plaintiff Johnny Ollis was incarcerated at Eastern Correctional Institution.

3 Defendant Tiffiney Harper is a licensed dentist, who at all times relevant to this action was employed by the North Carolina Department of Public Safety at Eastern Correctional Institution.

4. At all times relevant to this action, defendant Tiffiney Harper was acting under color of state law.

5. Defendant Tiffiney Harper provided dental care to plaintiff Johnny Ollis between October 26, 2010, and July 6, 2011, at Eastern Correctional Institution.

6. Defendant Tiffiney Harper provided dental care to plaintiff Johnny Ollis between June 6, 2012, and August 29, 2012, at Eastern Correctional Institution.

7. Plaintiff Johnny Ollis received a letter from Assistant Dental Director Dr. Woodruff in November 2012 acknowledging receipt of a letter plaintiff Johnny Ollis sent her

and stating that Dental Director Dr. Clare would respond to his concerns. Plaintiff Johnny Ollis also received a letter from Dr. Clare in November 2012, advising plaintiff Johnny Ollis that arrangements had been made for his dental care to be provided at the Central Prison dental clinic.

8. On November 14, 2012, plaintiff Johnny Ollis was seen at the Central Prison Dental Clinic by Dr. Harris and a panorex x-ray was taken.

9. Dr. Harris noted that plaintiff Johnny Ollis's remaining teeth were non-restorable. Dr. Harris extracted all of plaintiff Johnny Ollis's remaining teeth on November 14, 2012.

10. From January 2013 to June 2013, plaintiff Johnny Ollis was fitted for full dentures, and by June 2013 he possessed a full set of dentures.

Any proposed testimony or proposed exhibit to which an objection was sustained by the court and any testimony or exhibit ordered stricken by the court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits or to the stipulations. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts that you find have been proven such reasonable inferences as you feel are justified in light of your experience and common sense.

## Judging the Evidence

A juror should consider the evidence in a trial like any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your common sense in considering and evaluating the evidence in this case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

Keep constantly in mind that it would violate your sworn duty to base a verdict on anything other than the evidence received in the case and the instructions of the court.

## Direct and Circumstantial Evidence

There are two general types of evidence that are presented during a trial—direct evidence and circumstantial, or indirect, evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. Direct evidence, without any additional evidence or inference, can prove a material fact. For example, a witness's testimony is direct evidence when the witness testifies to what he or she did or saw or heard. In other words, when a witness testifies about what he or she knows from his or her own personal knowledge by virtue of his or her own senses, that is direct evidence. When a witness's testimony constitutes direct evidence, you need only determine whether you believe the witness. In a few moments, I will give you more instructions to consider in deciding whether to believe a witness. A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference. "Circumstantial evidence" is proof of a chain of facts or circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight that you may give to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with a preponderance of all the evidence in the case, both direct and circumstantial.

## The Question Is Not Evidence

The questions asked in this case are not evidence. Thus, if a lawyer asks a question of a witness that contains an assertion of fact, you may not consider the assertion by the lawyer as any evidence of that fact. Only the witness's answers are evidence.

## Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of evidence. Only by raising an objection can a lawyer request and obtain a ruling from the court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or the attorney's client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

## Jury's Recollection Controls

If any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection that should control during your deliberations and not the statements of the court or of counsel.

You are the sole judges of the evidence received in this case.

Credibility of Witnesses – Generally

You, as jurors, are the sole and exclusive judges of the credibility or believability of each of the witnesses called to testify in this case, and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of each witness, you should carefully scrutinize all of the testimony given by each witness, the circumstances under which each witness has testified, and all of the other evidence that tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider each witness's ability to observe the matters as to which he or she has testified, and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail, and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

Credibility of Witnesses – Interest in Outcome

In evaluating the credibility of a witness, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome may create a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his of her testimony and accept the testimony with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if any, a witness's interest has affected or colored his or her testimony.

Credibility of Witnesses – Inconsistent Statement

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

Credibility of Witnesses—Felony Conviction

You have heard the testimony of some witnesses who have been convicted of a crime punishable by more than one year in prison, i.e., a felony. Such a felony conviction was put into evidence for you to consider in evaluating such witness's credibility. You may consider the fact that a witness who testified is a convicted felon in deciding how much of his testimony to accept or reject and what weight, if any, you think the testimony deserves.

## Bias and Hostility

In connection with your evaluation of the credibility of a witness called by one party, you should specifically consider evidence of resentment or anger that a witness may have towards the other party.

Evidence that a witness is biased, prejudiced, or hostile towards the other party requires you to view that witness's testimony with caution, to weigh it with care, and to subject it to close and searching scrutiny.

## Court's Questions to Witnesses

During the course of the trial, I may have occasionally asked questions of witnesses. Do not assume that I hold any opinion on the matters to which my questions may have related. The court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

## Number of Witnesses Called Is Not Controlling

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all of the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all of the other evidence you believe that single witness.

Uncontradicted Testimony

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his or her testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

Issues – Unanimity – Burden of Proof

In order to resolve the dispute between the plaintiff, Johnny Ollis, and the defendant, Tiffiney Harper, you will answer several questions or "issues." You will answer "yes" or "no" as to each question or issue. Your answer to each question or issue must be unanimous.

Plaintiff Johnny Ollis has the burden of proof on each question or issue. As the party with the burden of proof, plaintiff Johnny Ollis is required to prove, by a preponderance of the evidence, the existence of those facts entitling him to a favorable answer to the question or issue.

"To prove by a preponderance of the evidence" or "to establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your mind the belief that what is sought to be proven is more likely true than not true. The preponderance of the evidence does not refer to the quantity of the evidence, but rather to the quality and convincing force of the evidence. Likewise, the preponderance of the evidence standard does not require proof to an absolute certainty, because proof to an absolute certainty is seldom possible in any case.

You also may have heard the phrase, "proof beyond a reasonable doubt." The "reasonable doubt" standard is a stricter standard that applies in criminal cases. That standard does not apply in civil cases such as this one.



Case 5:14-ct-03071-D Document 120 Filed 03/03/17 Page 13 of 27

## Consider Each Question or Issue Separately

You should consider each question or issue separately. Thus, the fact that you answer "yes" or "no" as to one of the questions or issues should not control your answer as to any other question or issue.

## Issue One – Alleged Eighth Amendment Violation

### Nature of the Issue

The first issue reads:

"Was defendant Tiffiney Harper deliberately indifferent to plaintiff Johnny Ollis's serious dental need following his dental visit on July 31, 2012?"

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution. Deliberate indifference to a prisoner's serious dental need violates the Eighth Amendment. Plaintiff Johnny Ollis claims defendant Tiffiney Harper was deliberately indifferent to plaintiff Johnny Ollis's serious dental need following his dental visit on July 31, 2012, in violation of plaintiff Johnny Ollis's Eighth Amendment rights. Defendant Tiffiney Harper denies the allegation.

### Elements

In order to prove his Eighth Amendment claim against defendant Tiffiney Harper, plaintiff Johnny Ollis must prove the following five elements by a preponderance of the evidence:

First: plaintiff Johnny Ollis had a serious dental need following his dental visit on July 31, 2012;

Second: defendant Tiffiney Harper was aware that plaintiff Johnny Ollis had a serious dental need that posed a risk of serious harm following his

dental visit on July 31, 2012;

Third: defendant Tiffiney Harper failed to provide adequate dental care for plaintiff Johnny Ollis's serious dental need in deliberate disregard or deliberate indifference to the risk of serious harm;

Fourth: plaintiff Johnny Ollis was injured as a result of defendant Tiffiney Harper's deliberate indifference to plaintiff Johnny Ollis's serious dental need following his dental visit on July 31, 2012; and

Fifth: defendant Tiffiney Harper was acting under color of state law.

If plaintiff Johnny Ollis fails to prove all five elements, you must find in favor of defendant Tiffiney Harper and against plaintiff Johnny Ollis.

First Element

As for the first element, plaintiff Johnny Ollis must prove that he had a serious dental need following his dental visit on July 31, 2012, that had either been diagnosed by a dentist as mandating adequate dental treatment or was so obvious that even a lay person would have easily recognized the necessity for adequate dental treatment. In either case, the dental condition must have resulted in a serious or significant physical or emotional injury (including pain), or posed a substantial risk of such serious harm if plaintiff did not receive adequate dental treatment.

Second Element

As for the second element, plaintiff Johnny Ollis must prove that defendant Tiffiney Harper actually (i.e., subjectively) knew that plaintiff Johnny Ollis had a serious dental need that posed a risk of serious harm following his dental visit on July 31, 2012.

Plaintiff Johnny Ollis can prove defendant Tiffiney Harper's actual subjective knowledge through direct evidence of her actual knowledge. Direct evidence of defendant Tiffiney Harper's

actual subjective knowledge, however, is not required. The knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining what a person knew at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts or circumstances received in evidence which may aid you in your determination of that person's knowledge. Put differently, plaintiff Johnny Ollis can prove defendant Tiffiney Harper's actual subjective knowledge through circumstantial evidence tending to establish such knowledge. For example, plaintiff Johnny Ollis can prove defendant Tiffiney Harper's actual subjective knowledge of plaintiff Johnny Ollis's serious dental need from the very fact that the need was obvious. A serious dental need might be so obvious that you could conclude that defendant Tiffiney Harper did know of it because she could not have failed to know of it. Circumstantial evidence of actual subjective knowledge could also take the form of a showing that a substantial risk of serious harm arising from plaintiff Johnny Ollis's serious dental need was longstanding, pervasive, or well-documented, and that the circumstances show that defendant Tiffiney Harper had been exposed to information concerning the risk and thus must have known about it.

But with respect to the second element, it is not enough for plaintiff Johnny Ollis to show that defendant Tiffiney Harper was careless or negligent and should have known of plaintiff Johnny Ollis's alleged serious dental need after his dental visit on July 31, 2012.

<u>Third Element</u>

As for the third element, plaintiff Johnny Ollis must prove that defendant Tiffiney Harper recognized that the dental treatment she provided to plaintiff Johnny Ollis was insufficient to mitigate the risk of harm to plaintiff Johnny Ollis arising from his serious dental need after his dental visit on July 31, 2012.

Deliberate indifference is a very high standard and requires the deprivation resulting from defendant Tiffiney Harper's failure to provide the dental treatment that plaintiff Johnny Ollis contends he should have received to be "extreme." It is stubbornness and wantonness, not inadvertence or error in good faith, that characterize the conduct that the Eight Amendment prohibits. Thus, the deliberate indifference standard requires plaintiff Johnny Ollis to prove more than mere negligence or dental malpractice. A dentist's negligence or malpractice in diagnosing or treating a serious dental need does not constitute deliberate indifference. Likewise, a dentist's inadvertent failure to provide the most advanced or best dental care does not constitute deliberate indifference. Moreover, disagreements between an inmate and a dentist over the inmate's dental care or the adequate course of treatment do not constitute deliberate indifference. Furthermore, an inmate is not entitled to choose his course of treatment.

Nonetheless, the deliberate indifference standard does not require plaintiff Johnny Ollis to prove that defendant Tiffiney Harper engaged in acts or omissions while providing dental treatment to plaintiff Johnny Ollis for the very purpose of causing him harm or with knowledge that harm would result. Rather, a dentist evinces deliberate indifference if she acts intentionally to delay or deny a prisoner access to adequate dental care or by intentionally ignoring an inmate's known serious dental need.

The evidence must show that defendant Tiffiney Harper subjectively (i.e., actually) recognized that her actions in treating plaintiff Johnny Ollis after July 31, 2012, were extremely inappropriate in light of the risk posed to plaintiff Johnny Ollis as a result of his serious dental need. It is not enough that defendant Tiffiney Harper should have recognized that her actions were inappropriate. Stated differently, to demonstrate that defendant Tiffiney Harper was deliberately indifferent to plaintiff Johnny Ollis's serious dental need following his dental visit on July 31, 2012,

plaintiff Johnny Ollis must demonstrate that defendant Tiffiney Harper actually knew her dental treatment of plaintiff Johnny Ollis completely failed to address his complaints or that she acted intentionally to delay or deny plaintiff Johnny Ollis access to adequate dental care.

Just as the obviousness of a serious dental need can show defendant Tiffiney Harper's actual awareness of it, you may similarly find that defendant Tiffiney Harper's response to the perceived risk posed by the serious dental need after July 31, 2012, was so patently inadequate as to justify an inference that she actually recognized that her response to the risk was extremely inappropriate under the circumstances. You do not have to so find, however. You are the judges of the facts.

Fourth Element

As for the fourth element, plaintiff Johnny Ollis must prove that defendant Tiffiney Harper's deliberate indifference to his serious dental need following his dental visit on July 31, 2012, caused injury to plaintiff Johnny Ollis.

In analyzing the fourth element, you should determine whether plaintiff Johnny Ollis has proven that he would not have been injured without defendant Tiffiney Harper's deliberately indifferent conduct and that plaintiff Johnny Ollis's injury was a reasonably foreseeable consequence of defendant Tiffiney Harper's deliberately indifferent conduct.

Physical pain can supply the injury that is required to prove this element. For example, deliberately denying or delaying adequate dental treatment may constitute deliberately indifferent conduct if the denial or delay of adequate dental treatment unnecessarily prolonged an inmate's pain.

Fifth Element

As for the fifth element, the parties have stipulated that defendant Tiffiney Harper acted under color of state law. Thus, you should accept that plaintiff Johnny Ollis has proven the fifth element.

Final Mandate – Issue One

Finally, as for the first issue, on which plaintiff Johnny Ollis has the burden of proof, if you find that plaintiff Johnny Ollis has proven all five elements by a preponderance of the evidence, then it would be your duty to answer the first issue "Yes" in favor of plaintiff Johnny Ollis. If, on the other hand, you find that plaintiff Johnny Ollis has not proven all five elements by a preponderance of the evidence, then it would be your duty to answer "No" in favor of defendant Tiffiney Harper.

As the verdict form states, if you answer "No" to the first issue, then the case is over. You will consider the second and third issues only if you answer "Yes" to the first issue.

## Damages

Members of the jury, I will now instruct you on the issue of damages in this case. Merely because I am instructing you on the issue of damages does not mean, and should not be construed to mean, that I think you should or should not award damages. Rather, as the verdict form indicates, you will reach the issue of damages only if you decide that plaintiff Johnny Ollis has proven, by a preponderance of the evidence, his Eighth Amendment claim against defendant Tiffiney Harper.

## Issue Two – Compensatory Damages

### Nature of the Issue

The second issue reads:

"What amount of compensatory damages, if any, is plaintiff Johnny Ollis entitled to recover for personal injury from defendant Tiffiney Harper?"

Actual damages—what the law calls compensatory damages—are the fair compensation to be awarded to a person for any past or present injury proximately caused by the wrongful conduct of another. Plaintiff Johnny Ollis has the burden of proof on the issue of compensatory damages. Thus, plaintiff Johnny Ollis must prove, by a preponderance of the evidence, the amount of actual damages that defendant Tiffiney Harper's wrongful conduct proximately caused plaintiff Johnny Ollis. Damages must not be based on speculation because it is only actual damages that are recoverable as compensatory damages.

In determining the amount of compensatory damages, if any, that plaintiff Johnny Ollis is entitled to recover for personal injury, you will consider the evidence you have heard as to pain and suffering. I will now explain the law of damages concerning pain and suffering.

## Pain and Suffering

Damages for personal injury include fair compensation for the past physical pain and mental suffering experienced by plaintiff Johnny Ollis as a proximate result of the wrongful conduct of defendant Tiffiney Harper. There is no fixed formula for placing a value on physical pain and mental suffering. You will determine what is fair compensation by applying logic and common sense to the evidence.

## Final Mandate – Compensatory Damages

Finally, as to the issue of compensatory damages, on which plaintiff Johnny Ollis has the burden of proof, if you find, by a preponderance of the evidence, the amount of actual damages proximately caused by the wrongful conduct of defendant Tiffiney Harper, then it would be your duty to write that dollar amount in the space provided on the verdict form.

If you make an award, you are not required to accept the dollar amount of damages the parties suggest. Your duty would be to compensate plaintiff Johnny Ollis by a lump sum award in a fair and reasonable amount based on the evidence and the rules of law I have given you with respect to the measure of damages. You should remember that, in awarding compensatory damages (if any), you are not seeking to punish any party, and you are not awarding or withholding anything out of pity or sympathy.

If you fail to find that plaintiff Johnny Ollis has proven by a preponderance of the evidence that he is entitled to recover actual damages, then he is entitled to an award of nominal damages, and it would be your duty to write a nominal sum, such as "one dollar," in the space provided on the verdict form.

Issue Three – Punitive Damages

Nature of the Issue

The third issue reads:

"If the jury unanimously has decided to award punitive damages to plaintiff Johnny Ollis from defendant Tiffiney Harper, what amount of punitive damages, if any, does the jury unanimously award to plaintiff Johnny Ollis from defendant Tiffiney Harper."

In addition to compensatory or nominal damages, the law permits you to award plaintiff Johnny Ollis punitive damages. A jury may award punitive damages to punish the defendant or to deter the defendant or others like her from engaging in wrongful conduct in the future.

Essential Elements – Punitive Damages

Punitive damages are available if you find by a preponderance of the evidence that defendant Tiffiney Harper acted with evil intent or motive, or with reckless or callous indifference to plaintiff Johnny Ollis's federally protected Eighth Amendment rights. A finding by you that defendant Tiffiney Harper acted with deliberate indifference to plaintiff Johnny Ollis's serious dental need following his dental visit on July 31, 2012, satisfies the requirement that defendant Tiffiney Harper acted with reckless or callous indifference to plaintiff Johnny Ollis's federally protected Eighth Amendment rights.

If you find that these requirements are satisfied, then you may decide to award punitive damages, or you may decide not to award them. Whether to award punitive damages and the amount of those damages is in your sound discretion.

## Punitive Damages Amount

The law does not require you to award punitive damages. If you decide, in your discretion, to award punitive damages, you must use sound reason in setting the amounts.

You are to presume that a plaintiff is made whole by compensatory damages. Thus, you are not to award punitive damages for the purpose of compensating plaintiff Johnny Ollis for his injury. You may assess punitive damages against defendant Tiffiney Harper only if you find that her conduct is so reprehensible as to warrant the imposition of further sanctions. Any amount you award must bear a rational relationship to the sum reasonably needed to punish defendant Tiffiney Harper for egregiously wrongful acts and to deter defendant Tiffiney Harper and others from committing similar wrongful acts.

In considering the amount of punitive damages to assess against defendant Tiffiney Harper, you may consider only that evidence relating to:

1. The reprehensibility of the defendant's motives and conduct;
2. The likelihood, at the relevant time, of serious harm to plaintiff Johnny Ollis or others similarly situated;
3. The degree of the defendant's awareness of the probable consequences of her conduct;
4. The duration of the defendant's conduct;
5. The actual damages plaintiff Johnny Ollis suffered;
6. Any concealment by the defendant of the facts or consequences of her conduct;
7. The existence and frequency of any similar past conduct by the defendant;
8. Whether the defendant profited by the conduct; and
9. The defendant's ability to pay punitive damages, as evidenced by her net worth.

Final Mandate – Punitive Damages

Finally, if you determine, in your discretion, to award punitive damages to plaintiff Johnny Ollis against defendant Tiffiney Harper, then you may award to plaintiff Johnny Ollis an amount that bears a rational relationship to the sum reasonably needed to punish defendant Tiffiney Harper for egregiously wrongful acts and to deter defendant and others from committing similar wrongful acts. You should write the dollar amount in the space provided on the verdict form.

If, on the other hand, you determine, in your discretion, not to award punitive damages to plaintiff Johnny Ollis, then you should write the word "none" in the space provided on the verdict form.

Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Form of Verdict – Communication with the Court

Upon retiring to your jury room to begin your deliberations, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. To return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely on the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in the form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

A form of verdict has been prepared for your convenience.

***[The form of verdict is read to the jury.]***

You will take this form to the jury room and, when you have reached a unanimous agreement as to each question or issue set forth on the verdict form, you will have your foreperson mark your answers, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

Please note that all other persons are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the court—how the jury stands, numerically or otherwise, on any question or issue.

Finally, if you jurors separate for a night's rest or for any other break at any time during your deliberations, you are, during any such separation, not to talk to anyone about this case or to talk among yourselves about this case. All of your deliberations must be conducted as a group within the jury room. Please also remember and follow all of the other instructions that I have given you throughout this trial for your conduct during recesses. All such instructions also continue to apply during any separations, including restroom breaks, that may occur after you begin your deliberations.